# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ALTAGRACE EXUME, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-205 |
| | § | Judge Mazzant |
| UNITED CARGO LOGISTICS, LLC, | § | |
| et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Altagrace Exume's Motion to Remand this lawsuit to the 442nd Judicial District Court of Denton County, Texas, where it originated (Dkt. #7). Having considered the Motion, the Response (Dkt. #9), and the applicable law, the Court finds that the Motion should be **DENIED.**

## BACKGROUND

This is a personal injury case arising from a motor vehicle collision that occurred in Hickory Creek, Texas, on October 26, 2022 (Dkt. #2 at p. 2). Plaintiff Altagrace Exume contends that she was heading southbound on IH-35, trailing behind Defendant Alexys Figueredo, when a spare tire on the trailer that Figueredo was hauling allegedly fell off the trailer and collided with Exume's vehicle (Dkt. #2 at pp. 2–3). Exume asserts that she was injured from the car accident (Dkt. #2 at p. 3). Exume has sued Figueredo for negligence and negligence *per se* (Dkt. #2 at pp. 3–4). Exume has also sued Figueredo's employers, Alain Sanchez and United Cargo Logistics, LLC, on theories of negligence, negligent entrustment, *respondeat superior*, and gross negligence (Dkt. #2 at pp. 4–

5). For her injuries due to the accident, Exume seeks "monetary relief of over $250,000 but not more than $1,000,000" (Dkt. #2 at p. 1).

At issue here is whether the Court has diversity jurisdiction over this action. There are four parties involved in this lawsuit. The citizenship of three of the parties is not in dispute. First, Exume is an individual who resides in Kaufman County, Texas (Dkt. #2 at p. 2). Next, Figueredo is an individual who resides in Miami Dade County, Florida (Dkt. #2 at p. 2; Dkt. #3 at p. 2). Finally, Sanchez is an individual who resides in Broward County, Florida (Dkt. #2 at p. 2; Dkt. #3 at p. 2). The instant dispute focuses, in part, on United Cargo's citizenship (Dkt. #7; Dkt. #9). Specifically, Exume challenges federal jurisdiction on the basis that United Cargo failed to adequately plead its citizenship—Exume does not challenge whether United Cargo is a Florida citizen (Dkt. #7 at pp. 2, 5). But while this Motion was pending, United Cargo filed its Answer to Plaintiff's Amended Complaint, updating its citizenship and claiming that it is a limited liability company with membership made up of Florida citizens (Dkt. #35).

Exume filed her Original Petition on January 24, 2024, in the 442nd Judicial District Court of Denton County, Texas (Dkt. #2). On February 5, 2024, United Cargo received Exume's Original Petition and the state court citation (Dkt. #1 at p. 2). On March 6, 2024, United Cargo filed its Notice of Removal (Dkt. #1). On April 4, 2024, Exume filed her Motion to Remand this case to state court (Dkt. #7). Finally, on April 18, 2024, United Cargo filed its Response Opposing [Exume]'s Motion to Remand (Dkt. #9).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zurich Am. Ins. Co.*, No. Civ. A. H-10-1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct. 1, 2010). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno*, 276 F.3d at 723). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

### I.        Jurisdiction Under 28 U.S.C. § 1332

United Cargo removed this matter pursuant to §§ 1441 and 1332(a), claiming diversity jurisdiction as the proper basis for subject matter jurisdiction (Dkt. #1 at ¶ 5); 28 U.S.C. §§ 1332(a), 1441. Hence, the Court's analysis is limited to whether jurisdiction is proper under 28 U.S.C. § 1332(a).

A defendant may remove any civil action from state court to the United States district court for the district and division embracing the place where the original action is pending, so long as the district court has original jurisdiction. 28 U.S.C. § 1441. United States District Courts have original subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Exume challenges both prongs of § 1332(a) in her Motion to Remand. First, Exume argues that United Cargo "has not met its burden to establish diversity of citizenship due to defects in pleading the citizenship of the LLC" (Dkt. #7 at p. 5). Second, she contends that because United Cargo "has not set forth any summary judgment type evidence of facts in controversy, and only relies on the face of the Petition," United Cargo "has failed to meet its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000" (Dkt. #7 at p. 5). Neither argument is persuasive.

### A.        Diversity of Citizenship

Subject matter jurisdiction exists under § 1332 only when there is complete diversity between every plaintiff and every defendant, and this is determined by looking at the parties' citizenship. 28 U.S.C. § 1332; *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir.

4

2014). The party invoking jurisdiction under § 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Failure to allege each party's citizenship requires dismissal. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). For diversity purposes, an individual is considered a citizen of the state where she is domiciled. *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985). An individual is domiciled where she has a fixed residence with the intent to remain there indefinitely. *Id.* A limited liability company is a citizen of each state where its members or managers are citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991).

The adequacy of United Cargo's pleadings is at the heart of this dispute. Exume maintains that United Cargo's pleadings are defective because United Cargo has not adequately pleaded the citizenship of the LLC (Dkt. #7 at p. 5). Specifically, Exume cites the following portion of United Cargo's Notice of Removal:

> Defendant United Cargo Logistics, LLC is a company formed in Hialeh, Miami-Dade County, Florida and has its principal place of business in Florida. Therefore, United Cargo Logistics, LLC is a citizen of Florida.

(Dkt. #7 at p. 5) (citing Dkt. #1 at p. 3). According to Exume, remand is proper because the defect above improperly pleads the citizenship of a limited liability company (Dkt. #7 at p. 5). The Court agrees that the language above does not establish United Cargo's status as a Florida citizen. Indeed, the state of formation and principal place of business are wholly irrelevant for determining the citizenship of a limited liability company. Instead, § 1332 looks to the citizenship of the limited liability company's members or managers to determine citizenship. *Harvey*, 542 F.3d at 1080; *Temple Drilling Co.*, 946 F.2d at 393. Looking at the Notice of Removal alone, the Court is unable

to determine United Cargo's citizenship. Therefore, Exume argues, United Cargo's "fail[ure] to disclose the citizenship of its members" renders its Notice of Removal "'insufficient to establish the existence of diversity jurisdiction'" (Dkt. #7 at p. 5) (quoting *Resurgent Tech, LLC v. City of Galena*, No. 4:16-CV-00334, 2016 WL 5234921, at *1 (E.D. Tex. Sept. 22, 2016) (internal citations omitted)).

Yet the Court can look beyond the Notice of Removal to determine an entity's citizenship for diversity purposes. Indeed, "when the record establishes the diversity of the parties, but the party asserting federal jurisdiction has failed to specifically plead that the parties are diverse," the Court will "allow that party to amend its pleadings to correct for their technical deficiency." *Howery*, 243 F.3d at 919–20. Here, in its Response to Exume's Motion to Remand, United Cargo agreed to correct its defective pleadings to establish its citizenship (Dkt. #9 at p. 9). While this Motion was pending, United Cargo filed its Answer to Plaintiff's First Amended Complaint and explained that "Defendant is a limited liability company with membership made up of Florida citizens" (Dkt. #35 at p. 2). Because Exume is a Texas citizen and all Defendants are Florida citizens, there is complete diversity between every plaintiff and every defendant. *Vantage Drilling Co.*, 741 F.3d at 537. The Court thus finds that United Cargo's pleadings, as amended, sufficiently establish that the parties are diverse. Accordingly, the Court next turns to the amount in controversy.

### B.    Amount in Controversy

Exume also contends that United Cargo "has not met its burden to establish that the amount in controversy exceeds $75,000" (Dkt. #7 at pp. 3–5). While Exume concedes that her state court Petition "alleges monetary relief of more than $250,000 but not more than

$1,000,000," she maintains that "it is not facially apparent from her pleading that any recovery would likely exceed $75,000" (Dkt. #7 at p. 2). According to Exume, her "formulaic request for damages . . . by itself does not set forth sufficient facts that would support a finding that the amount in controversy is satisfied" (Dkt. #7 at p. 2).

In addition to establishing complete diversity of citizenship, each plaintiff must individually meet the statutory amount in controversy. *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973). Each plaintiff invoking jurisdiction under § 1332 must separately allege damages that exceed $75,000. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995). In the Fifth Circuit, "[i]f the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (citing *Allen*, 63 F.3d at 1335). Thus, courts generally accept a plaintiff's good faith claim unless it is clear to a legal certainty from the face of the pleadings that the plaintiff cannot recover the amount claimed. *See, e.g.*, *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Through her Original Petition, Exume "seeks monetary relief of over $250,000 but not more than $1,000,000" (Dkt. #2 at p. 1). Specifically, she seeks damages arising from her motor vehicle accident, including past and future medical expenses, lost wages, property damage, physical impairment, physical pain and suffering, and mental anguish (Dkt. #2 at p. 6). The Court finds nothing on the face of Exume's pleadings that suggests that her claim for "over $250,000 but not more than $1,000,000" was not made in good faith.[1]

Consequently, the amount sought in Exume's Original Petition controls. *See Guijarro*, 39 F.4th at 314; *Matthews v. United Rd. Servs., Inc.* 4:22-CV-00670, 2022 WL 17069114, at *3 (E.D.

---

[1] Even if Exume's claim for more than $250,000 but not more than $1,000,000 was not made in good faith, it is clear to the Court that Exume's potential recovery exceeds the $75,000 threshold for diversity jurisdiction.

Tex. Nov. 17, 2022). Because the amount claimed in Exume's Original Petition exceeds $75,000, the amount in controversy requirement under § 1332 is satisfied. *See* 28 U.S.C. § 1332(a). Accordingly, having determined that the amount in controversy is met and the parties are completely diverse, the Court has original subject matter jurisdiction over this case and removal was proper. *See* 28 U.S.C. §§ 1332(a), 1441(a).

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Altagrace Exume's Motion to Remand (Dkt. #7) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 31st day of October, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE