# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ALTAGRACE EXUME, § | |
| § | |
| *Plaintiff,* § | |
| v. § | Civil Action No. 4:24-cv-205 |
| § | Judge Mazzant |
| UNITED CARGO LOGISTICS, LLC, § | |
| et al., § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant United Cargo Logistics, LLC's Motion for Summary Judgment (Dkt. #42). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

The current dispute arises from a motor vehicle accident that occurred on October 26, 2022 (Dkt. #22 at ¶ 11). Plaintiff Altagrace Exume was driving behind Defendant Alexys Figueredo on IH-35 when a spare tire fell off of Figuereo's tractor-trailer and collided with Plaintiff's vehicle (Dkt. #22 at ¶ 11). Law enforcement determined that Defendant Alain Sanchez was the owner of the truck and Defendant United Cargo Logistics, LLC's ("UCL") United States Department of Transportation ("USDOT") number was displayed on the side of the truck (Dkt. #48–2). Plaintiff allegedly suffered injuries as a result of the collision with the spare tire (Dkt. #22 at ¶ 11).

Plaintiff filed suit in Texas State Court on January 24, 2024, alleging negligence, negligent hiring, retention, supervision, and training, respondeat superior, a statutory employer relationship,

and gross negligence liability theories against UCL (Dkt. #2). UCL removed the action to this Court on March 6, 2024, asserting that the Court has diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446 (Dkt. #1; Dkt. #8). Plaintiff moved to remand the case on April 4, 2024 (Dkt. #7). The Court found that it has subject matter jurisdiction and denied the motion to remand on October 31, 2024 (Dkt. #39). Plaintiff filed her First Amended Complaint on August 7, 2024 (Dkt. #22). UCL filed its Answer to Plaintiff's First Amended Complaint on September 26, 2024 (Dkt. #35). Plaintiff had difficulty serving Figueredo and Sanchez, but ultimately served Figueredo with substitute service on January 27, 2025, and Sanchez on February 26, 2025 (Dkt. #46; Dkt. #50; Dkt. #51). Discovery ended on March 20, 2025 (Dkt. #15). UCL filed its Motion for Summary Judgment on November 11, 2024, seeking to dismiss all of Plaintiff's claims against it (Dkt. #42). Plaintiff filed her Response on January 13, 2025 (Dkt. #48). UCL filed its Reply to Plaintiff's Response on January 21, 2025 (Dkt. #49).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must

resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider

all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

UCL moved for summary judgment on all of Plaintiff's claims against it (*See* Dkt. #42). Primarily, UCL argues that there is no evidence to support Plaintiff's claims of negligence, negligent entrustment, negligent hiring, retention, supervision, and training, respondeat superior, a statutory employer relationship, and gross negligence (Dkt. #42). Plaintiff's Response only discusses one of her vicarious liability theories—that UCL was Figueredo's statutory employer (*See* Dkt. #48). Plaintiff does not address her other claims against UCL (*See* Dkt. #48). UCL's Reply primarily focuses on rebutting Plaintiff's statutory employer theory (*See* Dkt. #49). As a threshold matter, the Court, sitting in diversity, must apply Texas law to the case at bar. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 71–77 (1938). Thus, the Court will review each of Plaintiff's state law claims in turn to determine if she has presented competent evidence for each element to survive summary judgment.

### I.     Negligence

UCL argues that it is entitled to summary judgment on Plaintiff's negligence claim (Dkt. #42 at ¶¶ 21–31). To that end, UCL argues that Plaintiff cannot establish that UCL owed her a duty, and even if it did, that it breached that duty (Dkt. #42 at ¶¶ 21–31). As to duty, UCL argues that Plaintiff has presented no evidence to show (1) that it owned the truck in question, (2) that it employed Figueredo, (3) why it owed her a duty, or (4) a causal link between UCL's alleged negligence and Plaintiff's alleged injury (Dkt. #42 at ¶¶ 21–26). As to breach, UCL argues that no evidence exists to establish that it breached any duty it owed Plaintiff because UCL did not own the truck that caused the accident, nor did it employ Figueredo (Dkt. #42 at ¶¶ 27–31). Plaintiff

does not present any argument or evidence to support her claim that UCL acted negligently in the accident (*See* Dkt. #48).[1] That makes sense. UCL, as a corporation, is not an individual and could not operate the truck at the time of the accident.

To establish a negligence claim, Plaintiff must show that (1) UCL owed her a duty, (2) UCL breached that duty, and (3) the breach proximately caused her injuries. *Nabors Drilling, U.S.A. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2001). Plaintiff's Complaint does not allege that UCL itself was negligent in the accident (*See* Dkt. #22). Rather, it focuses on Plaintiff's allegations that UCL was directly negligent and vicariously liable for Figueredo's negligence (*See* Dkt. #22 at ¶¶ 11–17). Further, Plaintiff has not presented any summary judgment evidence to support her claim that UCL's negligence caused the accident in question (*See* Dkt. #48). Instead, the uncontradicted summary judgment record establishes that Figueredo was the driver of the truck when the spare tire fell off and collided with Plaintiff's vehicle (Dkt. #42; Dkt. #48). Thus, the Court finds that no genuine dispute of material fact exists because Plaintiff has not presented any evidence that UCL's negligence caused the accident in question. Accordingly, the Court finds that UCL is entitled to summary judgment on Plaintiff's negligence claim against UCL. *Celotex*, 477 U.S. at 325.

## II.    Negligent Hiring, Retention, Supervision, and Training

UCL also moves for summary judgment on Plaintiff's claims for negligent hiring, retention, supervision, and training (Dkt. #42 at ¶¶ 27–29). UCL's primary challenge is that Plaintiff did not present any evidence that Figueredo was its employee, nor that it breached any duty (Dkt. #42 at

---

[1] The Court notes that the Complaint does not appear to allege negligence against UCL (*See* Dkt. #22). The Court reads the Complaint as to allege only direct negligence theories against UCL (e.g., negligent training, supervision, retention, hiring, and entrustment) (Dkt. #22). However, UCL argues that the Complaint goes further (*See* Dkt. #42 at ¶¶ 21–31). Plaintiff notes that it alleged negligence against UCL (*See* Dkt. #48 at ¶ 4). Accordingly, the Court will address whether evidence exists that UCL was negligent.

¶¶ 27–29). Plaintiff does not respond to UCL's summary judgment motion as to the negligent hiring, retention, supervision, and training claims (*See* Dkt. #48). Likewise, the documents that Plaintiff submitted do not establish that UCL employed Figueredo or had any role in his hiring, retention, supervision, or training (*See* Dkt. #48).

To establish a negligent hiring, retaining, supervising, or training claim, Plaintiff must show that (1) UCL owed a legal duty to hire, retain, supervise, and/or train competent employees, and (2) Plaintiff sustained injuries proximately caused by UCL's breach of that legal duty. *See Thomas v. CNC Invs., L.L.P.*, 234 S.W. 3d 111, 123 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Here, Plaintiff has not presented any evidence that Figueredo was UCL's employee. At every turn, UCL has denied that it employs Figueredo, including in the discovery responses Plaintiff submitted as summary judgment evidence (*See* Dkt. #35; Dkt. #42; Dkt. #48-5; Dkt. #48-6; Dkt. #48-7; Dkt. #49). Thus, on the summary judgment record before it, the Court finds that there is no evidence that UCL employed Figueredo. Accordingly, the Court finds that UCL is entitled to summary judgment on Plaintiff's negligent hiring, retention, supervision, and training claims. *Celotex*, 477 U.S. at 325.

### III.    Vicarious Liability

Plaintiff alleges two different theories of vicarious liability against UCL (*See* Dkt. #22). The first is that UCL is liable as Figueredo's statutory employer under the Federal Motor Carrier Safety Regulations because its USDOT number was on the side of the truck when the tire fell off (Dkt. #48; Dkt. #48-2). The second that UCL is liable under the doctrine of respondeat superior (Dkt. #22 at ¶¶ 11, 14–15). The Court addresses each theory in turn.

### A.     Statutory Employer

UCL does not address Plaintiff's claim that it was a statutory employer in its initial Motion for Summary Judgment (*See* Dkt. #42). In contrast, Plaintiff's Response to UCL's Motion for Summary Judgment is entirely devoted to her statutory employer argument, omitting any real discussion of her other theories of liability (*See* Dkt. #48). Plaintiff claims that UCL is a statutory employer because its USDOT number was on the side of the truck involved in the accident (Dkt #48-3 at pp. 19–24). UCL addresses the statutory employer argument in its Reply, arguing that summary judgment is still proper because it did not have any agreement or lease for Sanchez or Figueredo to use the truck for the trip (Dkt. #49).

Statutory employer liability derives from the Federal Motor Carier Safety Regulations. *See Omega Contracting, Inc. v. Torres*, 191 S.W.3d 828, 848–49 (Tex. App.—Fort Worth 2006, no pet.); 49 C.F.R. §§ 376.1–376.12; 390.1–390.11. It was Congress's intent to ensure that the trucking industry did not shirk its duty to compensate innocent victims by hiding behind independent contractors and leases. *Id.* Thus, a trucking company operating in interstate transportation is liable for the statutory employees who utilize trucks to transport goods for the trucking company. *See id.* However, statutory employer status only attaches when a trucking company and the owner of the vehicle have some form of a lease or agreement in place, whereby the owner of the vehicle agrees to use the truck for the trucking company's business. *Puga v. About Tyme Transp. Inc.*, 227 F. Supp. 3d. 760, 763–64 (S.D. Tex. 2017). Additionally, a trucking company can use state law defenses to avoid liability. *John B. Barbour, Co. v. State*, 758 S.W.2d 684, 686 (Tex. App.—Austin 1988, writ denied) (citing *White v. Excalibur Ins. Co.*, 599 F.2d 50, 53–54 (5th Cir. 1979)). Among the defenses available to a trucking company defendant is that the lease or agreement between the defendant and the owner or driver was terminated prior to the accident. *See id.*

Here, Plaintiff argues that an agreement must exist because Figueredo was operating the truck under UCL's USDOT number (Dkt #48-3 at pp. 19–24). UCL counters that there is no evidence of any agreement because it did not agree to have Figueredo drive on this trip (Dkt. #49 at ¶¶ 9–13). But it does not explain why its USDOT number was on the truck, nor does it provide any evidence that a prior lease or agreement had been terminated (*See* Dkt. #42; Dkt. #49). Thus, the Court finds that a genuine issue of material fact exists regarding whether UCL was a statutory employer. Accordingly, summary judgment as to Plaintiff's statutory employer claim should be denied.

B.     **Respondeat Superior**

Plaintiff's Complaint alleges that UCL is liable under the doctrine of respondeat superior for the negligent actions and omissions of its employee, Figueredo (Dkt. #22 at ¶¶ 11, 14–15). In its Motion for Summary Judgment, UCL argues that it cannot be liable under a respondeat superior theory because Figueredo was not its employee (Dkt. #42 at ¶¶ 34–36). Plaintiff does not respond to this argument in her Response, nor does she present any evidence to rebut UCL's contention that it did not employ Figueredo (*See* Dkt. #48).

Under the doctrine of respondeat superior, "an employer may be vicariously liable for the negligent acts of its employee if the employee's actions are within the course and scope of his employment." *Goodyear Tire & Rubber Co. v. Mayes*, 236, S.W.3d 754, 757 (Tex. 2007).[2] The Court

---

[2] The statutory employer relationship will not provide a basis for respondeat superior because a trucking company can still be liable as a statutory employer without employing the driver. *See, e.g.*, *Morales v. OK Trans., Inc.*, No. 2:19-CV-00094, 2024 WL 1348405 (S.D. Tex. Mar. 29, 2024). Respondeat superior, on the other hand, requires a relationship where a trucking company employs or directly controls the driver. *See, e.g.*, *Sentry Select Ins. Co. v. Drought Transp., LLC*, No. 15-CV-890, 2017 WL 5382168, at *2–3 (W.D. Tex. May 3, 2017). Here, there is no evidence of employment or direct control over Figueredo, while there is some evidence that UCL may have been Figueredo's statutory employer. *See supra* Sections II–III.A.

has already found that Plaintiff has presented no evidence that UCL employed Figueredo. *See Supra* Section II. Accordingly, the Court finds that UCL is entitled to summary judgment on Plaintiff's respondeat superior clam. *Celotex*, 477 U.S. at 325.

**IV.   Negligent Entrustment**

Plaintiff's Compliant alleges that UCL negligently entrusted Figueredo with the truck because it should have known that Figueredo was unlicensed, incompetent, or reckless (Dkt. #22 at ¶ 14). Notably, Plaintiff's Complaint does not specify which of those three applies (*See* Dkt. #22 at ¶ 16). Nor does it address what makes Figueredo incompetent or reckless (*See* Dkt. #22 at ¶ 16). UCL moves for summary judgment on Plaintiff's negligent entrustment claim, arguing that Plaintiff cannot present any evidence that (1) UCL owned the truck, (2) UCL entrusted the truck to Figueredo, or (3) UCL knew or should have known that Figueredo was unlicensed, incompetent, or reckless (Dkt. #42 at ¶ 35). Plaintiff does not address her negligent entrustment claim in her Response (*See* Dkt. #48). However, she does provide the police report and Figueredo's Michigan driving record with her Response (Dkt. #48–3 at pp. 13–24). These documents conclusively establish that Figueredo had a driver's license at the time of the accident (Dkt. #48–3 at pp. 13–24). Thus, the Court need only evaluate whether Plaintiff presented competent summary judgment evidence that UCL knew or should have known Figueredo was incompetent or reckless.

In order to establish a negligent entrustment claim, Plaintiff must show that (1) the owner of a vehicle entrusted the vehicle to a driver, (2) the driver was unlicensed, incompetent, or reckless, (3) the owner knew or should have known the driver was unlicensed, incompetent, or reckless, and (4) the driver's negligence proximately caused Plaintiff's injuries. *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987); *4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909–10 (Tex. 2016). While the typical negligent entrustment claim

9

involves the actual owner of the vehicle, a nonowner may be held liable for negligent entrustment if the nonowner has the right to control the vehicle. *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 52 (Tex. App.—Fort Worth 2002, no pet.) (permitting a negligent entrustment claim to proceed based on the right to control a truck based on a lease agreement); *Garcia v. Cross*, 27 S.W.3d 152, 155 (Tex. App.—San Antonio 2000, no pet.) (holding that a negligent entrustment claim could be brought against a vehicle owner's child, who entrusted the vehicle to a friend); *Rodriguez v. Sciano*, 18 S.W.3d 725, 728 & n.6 (Tex. App.—San Antonio 2000, no pet.) (holding that a negligent entrustment claim could be asserted against renters of a vehicle who entrusted it to a third party).

Here, a genuine issue of material fact exists regarding whether UCL is Figueredo's statutory employer. *See supra* Section III.A. The statutory employment relationship requires some form of agreement or lease to exist. *See Puga*, 227 F. Supp. 3d at 763–64. If such an agreement existed between UCL and Figueredo or Sanchez, then UCL may have had the requisite control of the truck to be liable under a negligent entrustment theory. *Morris*, 78 S.W.3d at 52. Further, Figueredo's driving record indicates that he was involved in multiple accidents prior to when the spare tire fell off of his truck and collided with Plaintiff (Dkt. #48–3 at pp. 19–24). Thus, the Court finds that a genuine issue of material facts exists as to whether UCL had control over the truck because its USDOT number was on the side of the truck and whether it should have known that Figueredo was reckless or incompetent because of his accident history (Dkt. #48–2). Accordingly, the Court finds that UCL's motion for summary judgment should be denied as to Plaintiff's negligent entrustment claim.

V.   **Gross Negligence**

Plaintiff alleges that UCL was grossly negligent in its conduct (Dkt. #22). However, Plaintiff's Complaint only makes conclusory allegations and merely recites the gross negligence

elements against UCL (Dkt. #22 at ¶ 17). Plaintiff never describes what conduct, if any, rises to the level gross negligence (*See* Dkt. #22 at ¶ 17). Unsurprisingly, UCL moved for summary judgment on the gross negligence claim, pointing to Plaintiff's conclusory Complaint and arguing that there is no evidence that it acted grossly negligent (Dkt. #42 at ¶¶ 37–40). Plaintiff neither responds to UCL's arguments nor presents evidence to support her gross negligent claim (*See* Dkt. #48).

"Gross negligence has both an objective and subjective component." *Reeder v. Wood Cnty. Energy, LLC*, 395 S.W.3d 789, 796 (Tex. 2012). For the objective component, the Court must examine whether the act or omission complained of involves an extreme degree of risk, considering the probability and magnitude of potential harm to others. *Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001). An extreme risk is one that is not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff. *Id.* The subjective component focuses on the defendant's state of mind, examining whether the defendant knew about the peril caused by his conduct but still acted without a care for the consequence of others. *Reeder*, 395 S.W.3d at 796. Determining whether an act or omission involves peril requires the Court to look at the events and circumstances from the viewpoint of the defendant at the time the events occurred, without viewing the matter in hindsight. *Id.*

There is no summary judgment evidence to support Plaintiff's gross negligence claim against UCL. The only evidence potentially related to the gross negligence claim is Figueredo's driving record (Dkt #48-3 at pp. 19–24). However, even though the driving record contains evidence that Figueredo was involved in some prior accidents, it does not describe the severity of those accidents, nor whether Figueredo was at fault (*See* Dkt #48-3 at pp. 19–24). Moreover,

11

Plaintiff made no attempt to present any evidence or argument to support her gross negligence claim (*See* Dkt. #48). Thus, the Court finds that there is no genuine dispute as to any material fact regarding Plaintiff's gross negligence claim as Plaintiff has not provided any evidence or argument supporting the objective or subjective elements of gross negligence. Accordingly, the Court finds that UCL is entitled to summary judgment on Plaintiff's gross negligence claim.

## CONCLUSION

It is therefore **ORDERED** that Defendant United Cargo Logistics, LLC's Motion for Summary Judgment (Dkt. #42) is hereby **GRANTED in part** and **DENIED in part**. United Cargo Logistics, LLC's Motion is **GRANTED** with respect to the negligence claim, negligent hiring, retention, supervision, and training claims, respondeat superior claim, and gross negligence claim. United Cargo Logistics, LLC's Motion is **DENIED** with respect to the statutory employer and negligent entrustment claims.

**IT IS SO ORDERED.**
SIGNED this 16th day of June, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE